IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES CALHOUN-EL,

Petitioner

v

ALLEN GANG, *Warden,*
JESSUP CORRECTIONAL INSTITUTION,

Respondents

Civil Action No. RDB-19-777

\*\*\*

## MEMORANDUM OPINION

Pending is self-represented Petitioner James Calhoun-El's Motion for Relief from Judgment pursuant to FRCP 60(b)(6). For reasons set forth, the Motion is untimely, fails to demonstrate an extraordinary circumstance within the parameters of Rule 60(b)(6), and will be DENIED WITH PREJUDICE.

## BACKGROUND

On November 10, 1981, Calhoun-El was sentenced in the Circuit Court for Montgomery County, Maryland to serve a life sentence plus fifty years after he was convicted by a jury of murder, use of a handgun in the commission of a violent crime, armed robbery, and related offenses.[1]

After numerous previous filings, Calhoun-El filed this Motion on March 14, 2019. He argues that he is entitled to relief of this Court's decision dismissing his ineffective assistance of trial and appellate counsel claims as procedurally defaulted, based on the Supreme Court's holding

---

[1] *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=26250C&loc=68&detailLoc=MCCR (last visited April 1, 2019).

in *Martinez v Ryan*, 566 U.S. 1 (2012). Pet. ECF No. 1 at 1. Calhoun-El asks this Court for relief from the "November 3, 1981 judgment," the date the Montgomery County jury returned its guilty verdict. The broader context of his allegations suggests his intent is to challenge a decision denying him federal habeas relief. Calhoun-El, however does not specify the decision that is the focus of this Motion. Over the last thirty years, Calhoun-El has filed numerous petitions for habeas relief in this Court. *See Calhoun v. Campbell,* RDB-18-2173 (D. Md); *Calhoun v Smith*, RDB-06-3185 (D, Md); *Calhoun v. Corcoran*, Civil Action No. BEL-02-1114 (D. Md); *Calhoun-El v. Corcoran, et al.,* Civil Action No. BEL-96-3476 (D. Md); *Calhoun-El v. Smith, et al.,* Civil Action No. FAK-91-2191 (D. Md); *Calhoun-El v. Smith, et al.*, Civil Action No. FAK-91-1276(D. Md); *Calhoun-El v. Lyles,* Civil Action No. ESN-87-2486 (D. Md). On March 20, 2012, The Supreme Court held in *Martinez* that inadequate assistance of counsel at initial collateral review proceedings may establish cause for a prisoner's procedural default claim of ineffective assistance at trial. *Id.* at 9.

To obtain relief under Rule 60(b), a petitioner must demonstrate (1) timeliness, (2) a meritorious defense; (3) a lack of unfair prejudice to the opposing party; and (4) exceptional circumstances. *Werner v. Carbo,* 731 F.2d 204, 206-07 (4th Cir. 1984). Federal Rule of Civil Procedure 60(b)(6) permits a court to grant relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) requires that the movant show "extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby,* 545 U.S. 524, 535 (2005). When a petitioner seeks Rule 60(b) relief from the court's judgment denying his § 2254 petition, he must demonstrate "some defect in the integrity of the federal habeas proceedings" to justify revisiting the judgment denying his original habeas petition, such as an erroneous finding of procedural default or a statute of limitations bar. *Gonzalez v. Crosby,* 545 U.S. 524, 532 (2005). A petitioner may not use Rule 60 to evade the successive petition bar contained in 28 U.S.C. § 2244(b) by

bringing new claims that challenge the underlying conviction or sentence or that attack "the substance of the federal court's resolution of a [prior habeas] claim on the merits." *Id.*[2] A motion that attempts such an attack must be so construed and may be summarily dismissed as a successive § 2254 petition. *Id.* at 531–32; *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003). This Court may consider a successive § 2254 petition only upon specific certification from the United States Court of Appeals for the Fourth Circuit. 28 U.S.C. § 2244(b).

A Rule 60(b) motion "must be made within a reasonable time." Fed. R. 60(c)(1). Calhoun-El bears the burden of showing timeliness. *Moses v. Joyner*, 815 F.3d 163, 166 (4th Cir. 2016) (noting the movant bears the burden to show timeliness of the motion). Calhoun-El's 60(b) motion, which is premised on a change in 2012 habeas procedural law established in *Martinez*, was filed more than six years after the Supreme Court announced *Martinez*. In *Moses v. Joyner* 815 F. 3d 163, 167 (4th. Cir. 2016), the United States Court of Appeals for the Fourth Circuit affirmed dismissal of a two and one- half years *Martinez* based Rule 60(b) motion, noting that to rule otherwise would cause the "reasonable time" limitation in Rule 60(c)(1) to lose all meaning. *Id.* at 167(citing dismissals of Rule 60(b) *Martinez*-based motions involving shorter time periods other cases).

The subject Motion does not warrant Rule 60(b) relief because it presents no extraordinary circumstance. "Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Agostini v. Felton*, 521 U.S. 203, 239 (1997). In *Moses*, the Fourth Circuit ruled a "motion for relief invoking the change in procedural default rules occasioned by *Martinez* falls well short of 'extraordinary.'" *Moses*, 815

---

[2] To the extent Calhoun-El may intend to challenge his underlying criminal convictions under 28 U.S.C. §2254, he must obtain pre-filing permission from the United States Court of Appeals for the district court to consider a second or successive Petition. 28 U.S.C. § 2253(c).

F.3d at 168 Calhoun-El's Motion will also be denied because he has failed to show extraordinary circumstances required for a successful FRCP 60(b)(6) motion.

## CONCLUSION

For these reasons, the Court will in a separate Order deny Petitioner's Motion with prejudice.

_April 2, 2019_  
Date

Richard D. Bennett  
United States District Judge